17-1378-cv
*Nippon Kaisha Line Limited v. NuStar Energy Services, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## S U M M A R Y   O R D E R

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

Present:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

_____

NIPPON KAISHA LINE LIMITED, individually and on behalf of M/V
RIGEL LEADER (IMO No. 9604940),

*Plaintiff-Counter-Defendant-Appellee,*

- v. -                                    No. 17-1378[*]

_____

[*]     This appeal was consolidated for purposes of oral argument with the appeal in Clearlake Shipping PTE Ltd. v. NuStar Energy Services, Inc., No. 17-1458, which is resolved today in an opinion, and with the appeals in U.S. Oil Trading LLC v. M/V VIENNA EXPRESS, No. 17-0922, and Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC, No. 17-0931, which are resolved today in a separate opinion.

NUSTAR ENERGY SERVICES, INC.,

> *Defendant-Cross-Defendant-Cross-Claimant-Appellant,*

O.W. BUNKER USA, INC.,

> *Defendant-Cross-Claimant-Counter-Claimant-Appellee,*

KIRBY INLAND MARINE LP,

> *Defendant,*

ING BANK N.V.,

> *Defendant-Counter-Claimant-Cross-Defendant.*[**]

---

| | |
|---|---|
| For Plaintiff-Counter-Defendant-Appellee: | MARIE E. LARSEN, New York, NY (James H. Power, Holland & Knight, New York, NY, on the brief). |
| For Defendant-Cross-Defendant-Cross-Claimant-Appellant: | JONATHAN S. FRANKLIN, Washington, DC (Mark Emery, Norton Rose Fulbright US, Washington, DC; Keith B. Letourneau, Blank Rome, Houston, TX, on the brief). |
| For Defendant-Cross-Claimant-Counter-Claimant-Appellee: | DAVIS LEE WRIGHT, New York, NY (Vincent M. DeOrchis, Robert E. O'Connor, and Kaspar Kielland, Montgomery, McCracken, Walker & Rhoads, New York, NY, on the brief). |

---

[**]   The Clerk of Court is instructed to amend the official caption in this appeal to conform with the above.

Appeal from the United States District Court for the Southern District of New York.

This cause came on to be heard on the record from the United States District Court for the Southern District of New York and was argued by counsel.

**ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Interpleader defendant NuStar Energy Services, Inc. ("NuStar"), a physical supplier of marine fuel ("bunkers") to the M/V RIGEL LEADER, a vessel time-chartered by interpleader plaintiff Nippon Kaisha Line Limited ("NYK Line"), appeals from orders and an April 18, 2017 partial final judgment of the United States District Court for the Southern District of New York, Valerie E. Caproni, *Judge,* denying NuStar's motion for summary judgment and dismissing its claim to a maritime lien against the vessel. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

In this action and three others, among the many cases that have been brought in the wake of the financial collapse of O.W. Bunker & Trading A/S and its subsidiaries and affiliates, the district court ruled principally (a) that the bunkers' physical suppliers—NuStar in two cases and a different physical supplier in the other two—were subcontractors and were not entitled, under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.*, to assert maritime liens against vessels because the physical suppliers had not supplied the bunkers "on the order of the owner or a person authorized by the owner" of the vessels, *id*. § 31342(a), and (b) that such liens are not authorized on the basis of equitable principles. *See Clearlake Shipping PTE Ltd. v. O.W. Bunker (Switzerland) SA*, 239 F.Supp.3d 674, 684–90, 692–94 (S.D.N.Y. 2017).

In the companion appeal from the dismissal of the maritime-lien claims asserted by NuStar in No. 17-1458, decided today, we affirmed these rulings substantially for the reasons stated by the district court, *see Clearlake Shipping PTE Ltd. v. NuStar Energy Services, Inc.*, --- F.3d --- (2d Cir. 2018) ("*NuStar I*"), noting, *inter alia*, that these conclusions are compelled by our recent decision in *ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511, 520–23 (2d Cir. 2018).

As to the vessel at issue in the instant case, the record shows that the charterer NYK Line placed its order for bunkers with its affiliate NYK Trading Corporation ("NYK Trading"); that NYK Trading placed an order for the bunkers with O.W. Bunker USA, Inc. ("O.W. USA") and asked O.W. USA to advise NYK Trading of the identity of the physical supplier. O.W. USA placed its order for the bunkers with NuStar and so advised NYK Trading. NYK Line had no contractual relationship with O.W. USA or NuStar. NuStar had no contractual relationship with

NYK Line or NYK Trading.  Thus, here, as in *NuStar I*, NuStar has presented no basis on which it could be concluded that it provided the bunkers to the vessel on the order of the charterer or its authorized agent.

Nor is there any basis in the record of the present case for a remand such as that ordered in the other two companion appeals, U.S. Oil Trading LLC v. M/V VIENNA EXPRESS, No. 17-0922, and Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC, No. 17-0931, *see U.S. Oil Trading LLC v. M/V VIENNA EXPRESS*, --- F.3d --- (2d Cir. 2018), for a trial as to whether the M/V RIGEL LEADER's charterer, NYK Line, or its authorized agent ordered or directed that NuStar be the physical supplier of the bunkers to that vessel, so as to bring NuStar within the exception to the general rule that subcontractors are not entitled to assert maritime liens, *see id*. at xxx (exception applicable where the owner/charterer or its agent controlled or directed the selection of a particular subcontractor).  The record here shows that NYK Line placed its order for bunkers with NYK Trading pursuant to a preexisting contract that required NYK Trading to choose from a list of approved bunker suppliers and that explicitly left that choice to NYK Trading. NYK Trading in its purchase order to O.W. USA did not name a physical supplier but rather asked O.W. USA to inform NYK Trading who the physical supplier would be.

In *NuStar I*, we affirmed the district court's conclusion that NuStar did not come within the subcontractor exception because the record, rather than permitting a conclusion that the vessel's charterer directed use of NuStar as the physical supplier, showed at most that the charterer was merely aware of and tacitly accepted NuStar as the physical supplier.  Given that ruling, *a fortiori* NYK Line's instructing NYK Trading to select the physical supplier, and NYK Trading's asking O.W. USA to make the selection, cannot support a conclusion of direction or control by the vessel's charterer or its agent.

We have considered all of NuStar's arguments on this appeal and have found them to be without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court